UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD HOID,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THOMAS F. NEVILLE; BREE DERRICK,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00189-AKB<br><br>**INITIAL REVIEW ORDER** |

　　　　Pending before the Court are Plaintiff Edward Hoid's Application for Leave to Proceed In Forma Pauperis (Dkt. 6), Motion to Amend Complaint (Dkt 5), and Motion to Compel (Dkt. 7). Plaintiff proceeds pro se. Under 28 U.S.C. § 1915, the Court reviews Hoid's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also undertakes an initial review of his complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2)(B).

　　　　Having reviewed the record and applicable law, the Court concludes that Plaintiff may proceed in forma pauperis but that his complaint must be dismissed under 28 U.S.C. § 1915. Because any amendment would be futile, the case is dismissed without leave to amend in its entirety. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (ruling leave to amend need not be granted if amendment would be futile).

**INITIAL REVIEW ORDER - 1**

## BACKGROUND

Plaintiff's claims arise from Idaho state criminal proceedings related to his convictions for drawing checks with insufficient funds, his subsequent probation revocations, and his incarceration. Plaintiff alleges that, while he was a minor suffering from undiagnosed and untreated type-1 diabetes, he was coerced into a plea, subjected to multiple periods of incarceration, and denied insulin and adequate medical care during his incarceration. Plaintiff alleges that these events caused a severe delay in his diagnosis and treatment leading to physical injury, long-term disability, and other collateral consequences (Dkt. 1-2 at 1-13).

Plaintiff asserts claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments, disability discrimination, and an unspecified theory titled "Abuse of At Risk Juvenile Person," against Defendant Thomas F. Neville, a former Idaho state district court judge, and Defendant Bree Derrick, the Executive Director of the Idaho Department of Correction (IDOC) (Dkt. 1 at 3; *see also* Dkt. 1-2). For purposes of the Court's analysis, Plaintiff attaches to his complaint portions of a 2012 decision by the Idaho Court of Appeals in *State v. Hoid*, No. 39304, 2012 WL 9189566 (Idaho Ct. App. Dec. 24, 2012), affirming the denial of his state court motion to amend judgment and upholding the calculation of credit for time served.

## ANALYSIS

**A.    In Forma Pauperis Status**

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis. Upon review of the application and supporting materials, the Court finds that Plaintiff has demonstrated an inability to pay the filing fee. Accordingly, Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 6) is granted.

INITIAL REVIEW ORDER - 2

B.     **Claims Against Defendant Thomas F. Neville**

Although Plaintiff nominally asserts each claim in the complaint against both defendants, the factual allegations underlying all claims against Judge Neville arise exclusively from actions he allegedly took while presiding over Plaintiff's state criminal proceedings. Judges have long been accorded absolute immunity, however, from damage actions arising out of judicial acts taken within the jurisdiction of their courts. *Wyatt v. Cole*, 504 U.S. 158, 164 (1992); *Bradley v. Fisher*, 80 U.S. 335, 336 (1871). Further, Title 42 U.S.C. § 1983 was not intended to abolish the doctrine of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967).

Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the Plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting *Bradley*, 80 U.S. at 347). Stated another way, judges have absolute immunity from suit for damages arising from their judicial acts unless they acted in a complete absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11. Indeed, judicial immunity is not lost even if the judge conspired with a prosecutor "to predetermine the outcome of a judicial proceeding." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc).

There are two circumstances in which absolute judicial immunity does not apply. First, a judge is not immune from liability for performing an act that is not "judicial" in nature. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). For example, a judge who leaves the bench and uses physical force to evict a person from the courtroom is engaged in a nonjudicial act and is not immune from

INITIAL REVIEW ORDER - 3

liability. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). But a judge who orders officers to forcibly seize a person *is* immune, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-47 (internal citations omitted). The scope of a judge's jurisdiction "must be construed broadly . . . . A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his [or her] authority." *Id*. The question of whether a judge acted in the clear absence of jurisdiction is distinct from the question of whether a judge acted in excess of authority. Even if a judge exceeds his or her authority in issuing a ruling, that judge is immune so long as the case is properly before the court. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction (no immunity) and acting in excess of authority (immunity) is made clear in the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear *absence* of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in *excess* of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357 n.7 (emphasis added).

A judge who hands down rulings that one party disagrees with is not acting in the absence of authority. "The bottom line is this: adverse or unfavorabl[e] rulings do not give rise to claims of judicial misconduct." *Quinn v. Kibodeaux*, 2020 WL 6701457, at *2 (D. Idaho Nov. 13, 2020), *aff'd*, 837 F. App'x 500 (9th Cir. 2021). Such rulings simply "are not subject to review by this Court." *Id*.

INITIAL REVIEW ORDER - 4

Here, Plaintiff's allegations concern Judge Neville's acceptance and enforcement of Plaintiff's plea, imposition of sentence, revocation of probation, orders executing sentence, and determinations regarding Plaintiff's entitlement to credit for time served. (Dkt. 1-2 at 9-13, 15-20). Plaintiff alleges that these judicial rulings were unlawful, resulted in Plaintiff being incarcerated twice for the same offense, and ultimately contributed to Plaintiff's failure to receive appropriate medical care while incarcerated. (Dkt. 1-2 at 9-13). Regardless of how Plaintiff labels his claims or the constitutional theories he advances, each factual predicate he attributes to Judge Neville involves a function normally performed by a judge during a criminal case and within a court of competent jurisdiction. *See Hoid*, 2012 WL 9189566. Judge Neville is therefore entitled to absolute judicial immunity from suit for damages under § 1983, and all claims against him are dismissed with prejudice.

C. **Claims Against Defendant Bree Derrick**

States and state entities are not "persons" subject to suit under § 1983.[1] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Section § 1983 does not waive sovereign immunity from suit in federal court under the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Quern v. Jordan*, 440 U.S. 332, 342-44 (1979) (holding that § 1983 does not waive state sovereign immunity); *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (holding that Idaho itself has not waived state sovereign immunity for constitutional claims). The Eleventh Amendment does not bar suits for prospective injunctive relief filed against state officials, however, and a plaintiff may seek injunctive relief from officials who have direct

---

[1] Although Plaintiff alleges multiple constitutional violations by state actors, he does not expressly invoke 42 U.S.C. § 1983. The Court therefore construes Plaintiff's constitutional claims as arising, if at all, under § 1983 (Dkt. 1-2 at 3, 10-13).

**INITIAL REVIEW ORDER - 5**

responsibility in the area in which the plaintiff seeks relief. *Ex parte Young*, 209 U.S. 123, 157-58 (1908); *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999). A plaintiff may not, however, obtain a "judgment[] against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Here, Plaintiff's claims against Derrick—the Executive Director of IDOC—are framed entirely in terms of institutional responsibility for incarceration conditions and medical care, rather than Derrick's own conduct (Dkt. 1 at 2; Dkt. 1-2 at 10-13). Plaintiff's claims against Derrick in her official capacity are implausible. *Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."). Consequently, when plaintiffs seek damages against state officials, the Court construes the claims as individual capacity claims because an official capacity suit for damages would be barred. *See Cerrato v. San Francisco Cmty. College Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994).

Plaintiff, however, fails to allege facts supporting any claim against Derrick individually. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), *abrogated on other grounds by Kane v. Garcia Espitia*, 546 U.S. 9 (2005) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under section 1983."); *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014) (en banc). Plaintiff's complaint contains no allegations suggesting Derrick's personal involvement in Plaintiff's incarceration or treatment.

In addition to failing to state a viable claim for relief, Plaintiff's claims are also time-barred. The statute of limitation period for filing a § 1983 action in Idaho is two years. Idaho Code § 5-219; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). Though state law governs the limitations period for filing a § 1983 claim, federal law governs when that claim accrues or arises. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under the "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of the claim. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks omitted). That is, the statute of limitations begins to run when the plaintiff becomes aware of the actual injury—not "when the plaintiff suspects a legal wrong." *Id.* at 1049. All of Plaintiff's § 1983 claims, regardless of the underlying constitutional right, are time-barred and legally frivolous.

Plaintiff alleges that while incarcerated he had untreated type 1 diabetes and was denied insulin despite that he was insulin-dependent and that prison officials were allegedly aware of his condition (Dkt. 1-2 at 1-2, 9-12). Further, he alleges that as a result he experienced incapacitation, physical injury, and ultimately entered an involuntary plea (*see generally* Dkt. 1-2). Plaintiff also alleges the lack of treatment caused severe bone death, avascular necrosis, loss of mobility, brain damage, head trauma, comas, and permanent disability (*id.*). Although his allegations regarding when the subsequent medical events or complications occurred are unclear, he is clear that the "conviction was entered in order to obstruct [him] from opportunities and access to housing, medicine and aid, [and the] conviction very much and reportedly [sic] denied me access to diagnosis of Type One Juvenile Diabetes and insulin . . . ." (*id.* at 1).

In other words, Plaintiff's theory against Derrick rests on the premise that periods of incarceration associated with Plaintiff's state criminal case caused or contributed to severe medical

**INITIAL REVIEW ORDER - 7**

injuries that allegedly manifested many years later. The decision in *Hoid*, however, reflects Plaintiff's custodial periods occurring between 2002 and 2005 and again briefly in 2011. 2012 WL 9189566, at *1-2. The record further reflects a substantial multi-year period—between approximately 2005 and 2011—during which Plaintiff was not incarcerated because he had absconded to Utah. *Id*.

Consequently, although Plaintiff pleads multiple constitutional and statutory violations—including double jeopardy, coerced plea, cruel and unusual punishment, deliberate medical indifference, abuse of an at-risk juvenile, and disability discrimination—all claims arise from the same nucleus of operative facts: Plaintiff's prosecution and sentencing for the insufficient-funds check offense, his resulting periods of incarceration, and the alleged intermittent denial of medical care and insulin during those periods of custody (Dkt. 1-2 at 1-13). Each claim depends on Plaintiff's assertion that the conviction and sentences imposed by the state court were unlawful and that, as a consequence of those proceedings, he was incarcerated and denied appropriate medical treatment.[2]

Based on this record, the factual predicate for each of Plaintiff's claims accrued, at the latest, when he was incarcerated and allegedly denied insulin and other medical care—events that occurred years before Plaintiff filed this action. Plaintiff's reframing under different constitutional

---

[2] The Court notes that separate and apart from the bases requiring dismissal with prejudice, Plaintiff's claims also fail because in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that, if success on a civil rights claim would necessarily imply the invalidity of the plaintiff's criminal conviction, the plaintiff must first show that the conviction has already been overturned, invalidated, or otherwise called into question. *Id*. at 486-87. To overcome the *Heck* bar, a plaintiff must show either that (1) the action, if successful, would not necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (internal quotations and citation omitted) (quoting *Heck*, 512 U.S. at 487). Plaintiff has alleged the opposite. *See Hoid*, 2012 WL 9189566.

**INITIAL REVIEW ORDER - 8**

provisions and statutory theories does not restart the limitations period, nor does an alleged later discovery via formal diagnosis. *Lukovsky*, 535 F.3d at 1048.

Plaintiff's claim under the Americans with Disabilities Act is also time-barred. Even if he served his full three-year unified sentence *after* his conviction was upheld on appeal (which is more generous than what he alleges or the facts allow), his non-constitutional injuries which Derrick (or the IDOC) allegedly caused occurred at some point during his incarceration and would have expired no later than two years thereafter, well before he filed his complaint. *Sharkey v. O'Neal*, 778 F.3d 767, 770-71 (9th Cir. 2015); *see also Chapman v. City of Coos Bay, Oregon*, 2024 WL 4993471, at *2-3 (D. Or. 2024) (dismissing ADA claim on statute of limitation grounds under *Sharkey*).

Because Plaintiff cannot cure these defects through amendment, granting leave to amend would be futile, and Plaintiff's complaint is dismissed with prejudice.

## ORDER

**IT IS ORDERED**:

1. Plaintiff's Application for Leave to Proceed In Forma Pauperis (Dkt. 6) is **GRANTED**.
2. All claims against Defendant Thomas F. Neville are **DISMISSED WITH PREJUDICE**.
3. All claims against Defendant Bree Derrick are **DISMISSED WITH PREJUDICE**.
4. Plaintiff's Motion for Leave to Amend (Dkt 5) is **DENIED** as futile.
5. Plaintiff's Motion to Compel (Dkt 7) is **DENIED** as moot.
6. This action is **DISMISSED IN ITS ENTIRETY**.

DATED: February 09, 2026

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge